RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
DEC 16 2020
JAMES N. HATTEN, Clerk
By: Deputy Clerk

Filed
RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JAN 19 2021
JAMES N. HATTEN, Clerk
By: Deputy Clerk

THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PETER GARCIA,

Petitioner,

vs.

UNIVERSITY SYSTEM OF GEORGIA

Respondent

Case No. 1:21-CV-0312

1) Age Discrimination in Employment, 29 U.S.C.§ 621 et seq; IRS 659A.030)

2) Americans with Disabilities Act, 42 U.S.C.§ 12101 et seq.

Demand for Jury Trial

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, 29 U.S.C.§621 et. seq., as amended, ("ADEA and the Americans with Disabilities Act), 42 U.S.C.§12101, et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C.§1981a, to correct unlawful employment practices on the basis of age, to redress interference with rights protected under the ADA and provide Dr. Peter Garcia appropriate relief who was adversely affected by such practices.

Petitioner, Peter Garcia, M.D., (Dr. Garcia) by way of this complaint alleges Respondent, University System of Georgia / Stamps Health Center (Stamps) discriminated against him based on his age and disability during the interview process and failed to hire him when he applied for the Primary Care Medical Director position. Dr. Garcia is an experienced board certified physician with an extensive work history in

clinical and administration medicine. He has previously been the director of a Student Health Center.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3) and §2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a). This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2. The employment practices alleged to be unlawful were committed in Brandon Oregon which is within the jurisdiction of the United States District Court for the District of Oregon.

## PARTIES

3. Plaintiff, Dr. Peter Garcia (Dr. Garcia) is a resident of Orange County Florida.

4. Defendant, Stamps Health Center is the University Health Center on the campus of Georgia Institute of Technology (GIT) in Atlanta, Georgia. The staff provides primary care outpatient medical services for students of GIT.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(3) and 101(7) of the ADA, 42 U.S.C. §12111(5), (7), within the meaning of Sections 11(b) and (h) of the ADEA, 29, U.S.C. §§630(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA.

7. At all relevant times, Defendant has continuously been doing business in the State of Georgia and has continuously had at least 20 employees.

## ADMINISTRATIVE PROCEDUES

8. More than thirty days prior to the institution of this lawsuit, Dr. Garcia filed a charge with the EEOC alleging violation of the ADEA and ADA.

9. On October 30, 2020 the EEOC issued a Dismissal and Notice of Rights letter without finding the Defendant was in violation or in compliance with the statutes for which violations have been alleged.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF CLAIMS

11. In early January 2020 Garcia submitted a CV to express an interest the in Director of Primary Care position at Stamps Student Health Center (Stamps).

12. After initial email communication with Dr. Benjamin Holton (Holton) a phone interview was scheduled for January 17, 2000.

13. The phone interview occurred on January 17, 2020 as scheduled.

14. During the phone interview Garcia's work history including his absence from clinical medicine secondary to hearing loss and cochlear implant was discussed.

15. At the conclusion of the phone interview Holton requested an onsite interview.

16. The in person interview was scheduled for and occurred on January 31, 2020.

17. The interview consisted of Garcia meeting with several groups of individuals currently working at the center.

18. The first meeting for Garcia was with Holton. There was a discussion of Garcia's past and his physical disability become clear at that point. It was discussed openly. Garcia made it clear to Holton that he did not like making his disability the focal point of an interview which regrettably occurred in this case.

19. Garcia provided Holton with copies of evaluations and references from former workplaces in an effort to explain what he had accomplished in similar environments and roles.

20. The second meeting occurred with a group of medical assistants in a large room with poor acoustics. Garcia had to discuss his disability as the few individuals attending were spread out in the room making hearing more difficult for him.

21. The third meeting of the day was again in the same large room with poor acoustics. This continued to put Dr. Garcia at a disadvantage by placing in disability in the forefront of all discussions.

22. This meeting was with the medical providers consisting of physicians and nurse practitioners.

23. Most providers were cordial; however one provider made several comments which can only be described as offensive and discriminatory.

24. None of the providers attending the meeting introduced themselves to Dr. Garcia; therefore specific identification of the provider is not possible.

25. Her question began with the statement, "Not withstanding your disability", how long has it been since you have seen patients?

26. Dr. Garcia questioned her rational for asking the question. It was clear that she was attempting to imply that Garcia could not perform the duties of the Medical Director position.

27. The question was unnecessary and prejudicial. Garcia had provided evidence to answer the question on his CV which was in the possession of the person asking the question.

28. The final meeting at the Health Center was in a much smaller room with multiple individuals from different departments. There were no unusual occurrences in this meeting.

29. The final meeting of the day was with Kasey Helton (Helton), Vice President for Student Services. The meeting was brief.

30. Since one of the Nurse Practitioners had suggested that Garcia was not capable of performing the functions of this job by focusing on his disability, Dr. Garcia discussed this statement with Helton.

31. Helton's commentary regarding the incident was noncommittal only commenting that an absence from clinical medicine secondary to disability would not preclude

consideration. Her commentary fell far short of an endorsement of an individual with a disability becoming part of the GIT Stamps staff.

32. Dr. Garcia did not have contact with Stamps again. The search apparently remained open for some time before being terminated.

## FIRST CLAIM FOR RELIEF

(Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*)

For his Claim for Relief, Dr. Peter Garcia Alleges:

33. Dr. Garcia incorporates paragraphs 1-32 as if fully set forth herein.

34. In passing the ADEA, Congress explicitly found and declared that "the setting of arbitrary age limits regardless of potential for job performance has become a common practice, and certain otherwise desirable practices may work to the disadvantage of older persons."

35. The clear intent of the ADEA was to assure the older worker that employment opportunities will be based on ability and experience rather than age.

36. Evidence to be presented at trial will demonstrate that the requisites for a prima facie case of age discrimination have been fulfilled.

    (1) The plaintiff was in the protected age group (over 40)
    (2) The plaintiff was otherwise qualified for the position.
    (3) The plaintiff was not hired.
    (4) The employer hired a younger person to fill the position **or** that the search remained open after the applicant was dismissed.

37. The effect of the practices complained of above has been to deprive Dr. Garcia and a class of applicants and employees of equal employment opportunities and otherwise to affect adversely their status as applicants.

38. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## SECOND CLAIM FOR RELIEF

(Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq).*

For his Claim for Relief, Dr. Peter Garcia Alleges:

39. Dr. Garcia incorporates paragraphs 1-38 as if fully set forth herein

40. The ADA prohibits discrimination by certain entities including private employers, against qualified individuals with a disability and in some cases, against persons perceived to be disabled.

41. The ADA makes it unlawful to "interfere with any individual in the exercise or enjoyment of ... any right granted or protected by [the ADA].

42. In order for Garcia to show he is a disabled person within the meaning of the Act, he must show that he has "a physical or mental impairment that substantially limits one of more major life activities." 42 U.S.C. § 12102(2)(a), *Katz v. City Metal Co.,* 87 F.3d 26, 30-31 (1st Cir.1996), 29 CFR § 1630.2(j)(1).

43. A major life activity is an activity this is "of critical importance to daily life." *Carroll v. Xerox Corp.,* 294 F.3d 231, 238 (1st Cir.2002).

44. Examples of major life activities are" performing manual tasks, walking, seeing, **hearing**, speaking, breathing, learning and working." 42 U.S.C.A. § 12102(2)(B), 45 C.F.R. § 84.3(j)(iii).

45. Dr. Garcia has a profound bilateral hearing loss and is the recipient of a cochlear implant. His hearing loss is permanent and qualifies as a disability. His disability was apparent during the interview.

46. The circumstance under which the interview occurred suggests that Dr. Garcia was subjected to a negative job action based on disability.

47. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Dr. Garcia.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Dr. Peter Garcia prays for judgment against defendants for the following relief:

1. For his lost wages and benefits, including future losses, in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;

2. For liquidated damages in the amount equal to his economic losses to be determined by the jury at the time of trial, along with prejudgment interest thereon; For non-economic damages in an amount to be determined by the jury at the time of trial;

3. For punitive damages in an amount to be determined by the jury at the time of trial;

4. For reasonable attorney fees and costs incurred herein; and

5. For such other relief as the Court may deem just and proper.

Respectfully submitted
this 12th day of December, 2020.

By: _____
Peter Garcia, Pro Se
1969 S. Alafaya Trail
Suite 231
Orlando, Florida  32828
clintonville@gmail.com

# RIGHT TO SUE LETTER

EEOC Form 161 (11/16)    **U.S. Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Peter Garcia**
**200 Stone Cross**
**Orlando, FL 32828**

From: **Atlanta District Office**
**100 Alabama Street, S.W.**
**Suite 4R30**
**Atlanta, GA 30303**

[ ]   On behalf of person(s) aggrieved whose identity is
       CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-04609 | **Trey Pyle,** **Senior Federal Investigator** | (404) 562-6831 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Derick Newton** *Digitally signed by Derick Newton*
*DN: cn=Derick Newton, o=ATDO, ou=EEOC, email=derick.newton@eeoc.gov, c=US*
*Date: 2020.10.30 07:51:54 -04'00'*
For     10-30-2020

Enclosures(s)             **Darrell E. Graham,**                    *(Date Mailed)*
                          **District Director**

cc:   **Shelley Hildebrand**
      **Senior Counsel**
      **760 Spring Street**
      **Suite 324**
      **Atlanta, GA 30308**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

JS 44 Reverse (Rev. 10/20) - TXND (10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JS 44 (Rev. 10/20) - TXND (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Peter Garcia

### DEFENDANTS
University System of Georgia / Stamps Helath Center

**(b)** County of Residence of First Listed Plaintiff: **Orange (FL)**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Fulton (GA)**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter Garcia
1969 S. Alafaya Trail, Suite 321
Orlando, FL 32828

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimination in Employment Act, 29 USC § 621 et seq; Americans with Disabilities Act, 42 USC § 12101 et seq

Brief description of cause:
Defendent discrminated against Plainitff based on age and disability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/07/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Peter Garcia

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____